**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JEFFREY WEBB
ADC #551387                                                                                                    PLAINTIFF

v.                                        CASE NO. 1:09-cv-00037-JMM-JJV

CHRISTOPHER SMAY, Sgt., North Central
Unit, Arkansas Department of Correction                                                   DEFENDANT

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

<u>**INSTRUCTIONS**</u>

      The following recommended disposition has been sent to United States District Judge James

M. Moody.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

      If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

      3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

I.    **BACKGROUND**

Plaintiff, Jeffrey Webb, is a former Arkansas Department of Correction (ADC) inmate.  (Doc.

No. 50 ¶ 1).  While incarcerated he filed the present action pursuant to 42 U.S.C. § 1983, alleging

that officers at the North Central Unit had violated his constitutional rights.  Plaintiff made a timely

demand for a jury trial; however, before expending the resources inherent in such a trial, the Court

held a pre-jury evidentiary hearing on May 6, 2010, to determine whether his case should proceed

to a jury trial.  Following the hearing, the Court entered an order finding that Plaintiff's excessive

force claim against Sgt. Christopher Smay[1] should proceed to trial.  (Doc. No. 38).  Claims against

the other defendants were dismissed.  (*Id.*)  A jury trial on Plaintiff's remaining claim has been

scheduled for the week of May 9, 2011.  (Doc. No. 43).

On February 23, 2011, Defendant filed a Motion to Dismiss for Failure to Prosecute, or

Alternatively, Defendant's Motion For Summary Judgment.  (Doc. No. 44).  Plaintiff responded on

---

[1]During the May 6 hearing, Plaintiff testified that on July 7, 2009, while placing him into handcuffs, Sgt. Smay "hyper-extended" his arms through the food tray hole in his cell (Doc. No. 36 at 4 ¶ 1) and a few days later officials at the Diagnostic Unit diagnosed a bone fracture in one of his arms.  (*Id.*)

March 28, 2011 (Doc. No. 50) and Defendant replied (Doc. No. 51).  The matter is now ready for a decision.

## II.     RULE 37 DISMISSAL

Defendant first argues that due to Plaintiff's failure to appear at his February 3, 2011, deposition, Plaintiff's cause of action is subject to dismissal.  Federal Rule of Civil Procedure 37(d) allows the Court to, among other sanctions, dismiss an action if a party fails to appear for his or her deposition.  *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994), *cert. denied,* 513 U.S. 1090, 115 S.Ct. 752, 130 L.Ed.2d 652 (1995).  A motion to compel is not required prior to a dismissal under Rule 37(d).  *Id.*  A sanction of dismissal is one of the harshest sanctions.  *See Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009).  Although the Court has discretion in imposing a Rule 37 sanction of dismissal, the imposition of such a sanction must be just.  *Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 718-20 (8th Cir. 2002).

Plaintiff admits that he failed to appear for his deposition (Doc. No. 50 ¶ 2).  He acknowledges that the Court has discretion in the sanctions it may impose, but prays that the Court will not resort to a drastic remedy such as dismissal.  After careful contemplation, the Court finds that a sanction of dismissal is unnecessary and recommends denial of Defendant's Motion To Dismiss For Failure To Prosecute.

## III.    SUMMARY JUDGMENT

In the alternative, Defendant moves for summary judgment (Doc. No. 44).  Defendant contends he is entitled to summary judgment as a matter of law because Plaintiff failed to exhaust his administrative remedies prior to filing suit.

### A.     Summary Judgment Standard

Summary judgment is appropriate when the evidence before the Court shows that there are

no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Hartsford v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008); *Earnest v. Courtney*, 64 F.3d 365, 366-67 (8th Cir. 1995). When ruling on a motion for summary judgment, the Court will view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence so as to permit a finding in the nonmoving party's favor on more than mere speculation, conjecture, or fantasy. *Id*.

B.     **Failure to Exhaust Administrative Remedies**

The failure to exhaust administrative remedies is an affirmative defense that the defendant has the burden of pleading and proving. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005). The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). The PLRA's exhaustion provision specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Jones v. Bock*, 549 U.S. at 211; *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

4

The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 922-923. The PLRA merely requires compliance with prison grievance procedures to properly exhaust. *See id*. at 922-23. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*. at 923-924.

ADC's Inmate Grievance Procedure requires an inmate to fully exhaust the inmate's administrative remedies in accordance with ADC procedure, prior to initiating a § 1983 lawsuit. (Doc. No. 44-2 at 2 ¶ 5; 19). At the time of Plaintiff's incarceration, ADC's procedure required inmates to complete the following steps in order to exhaust the inmate's administrative remedies. ADC first required the inmate to seek an informal resolution to his problem by submitting a Unit Level Grievance Form within fifteen days of the incident. (Doc. No. 44-2 at 7). If the inmate's problem was not resolved at the informal level, the inmate would then file a formal grievance that was submitted to the warden or his designee. (*Id.* at 10-11). If the inmate was unsatisfied with the warden's written response to his formal grievance, the inmate could pursue an appeal with ADC's Deputy Director. (*Id.* at 12). Only at this juncture would an inmate fully exhaust his administrative remedies. (*Id.* at 2 ¶ 8).

Plaintiff admits he did not exhaust his administrative remedies; however, he asserts he has reasonable grounds for his failure to exhaust. (Doc. No. 50 ¶ 5). Plaintiff states that following the July 7 incident with Defendant, "I was injected with various medications and I slept for several days and was generally not in my normal state of mind and did not have the physical or mental ability to file the required grievance procedures of the injuries inflicted on me by the defendant [sic]." (Doc. No. 50-1). Plaintiff believes his failure to exhaust was the result of acts undertaken by ADC and, thus, due to circumstances beyond his control. (Doc. No. 50-2 ¶¶ 2, 3).

When prison officials prevent an inmate from exhausting their administrative remedies, the inmate will not be held to the PLRA's exhaustion requirement. *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Here, however, Defendant submits evidence showing that ADC officials did not prevent Plaintiff from exhausting his administrative remedies. Defendant submits a Unit Level Grievance Form dated July 8, 2009, in which Plaintiff sought an informal resolution of the matter. (Doc. No. 51-1). Two days later Plaintiff signed and dated the resolution portion of the form. (*Id.*) Defendant also submits a Unit Level Grievance Form dated July 12, 2009, in which Plaintiff again sought an informal resolution to the matter. (Doc. No. 51-2).

The Court is not persuaded by Plaintiff's assertion that the actions of ADC prevented him from exhausting his administrative remedies and finds that Plaintiff failed to his exhaust his administrative remedies. The evidence before the Court shows there are no genuine issues of material fact and that Defendant is entitled to summary judgment as a matter law. Therefore, Defendant's Alternative Motion For Summary Judgment (Doc. No. 44) should be GRANTED and Plaintiff's Complaint (Doc. No. 2) should be DISMISSED without prejudice.

### C.     Official Capacity Claims

Defendant argues he is entitled to summary judgment on Plaintiff's claims against him in his official capacity. Defendant is correct. The Eleventh Amendment bars claims for damages against a state employee in his official capacity. *Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). Therefore, Plaintiff's official capacity claims should be DISMISSED with prejudice.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Defendant's Motion for Summary Judgment (Doc. No. 44) should be GRANTED.

2.     Plaintiff's Complaint (Doc. No. 2) should be DISMISSED without prejudice.

6

3.     Plaintiff's official capacity claims should be DISMISSED with prejudice.

4.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting the recommendations and the accompanying Judgment would not be taken in good faith.

DATED this <u>20th</u> day of April, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

7